UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-cr-258 CEJ (NAB) |
| | ) |
| ALDEN DICKERMAN, | ) |
| | ) |
| Defendant. | ) |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR FRANKS HEARING**

COMES NOW Defendant, Alden Dickerman, by and through counsel, and pursuant to the United States Supreme Court decision in *Franks v. Delaware*, 438 U.S. 154 (1978) hereby requests this Honorable Court grant Defendant an evidentiary hearing on the veracity and sufficiency of the affidavit supporting the search warrant issued in the above matter on August 18, 2015. In support of this Motion, Defendant states as follows:

**I.     STATEMENT OF FACTS**

On August 18, 2015, Detective Michael Slaughter ("Detective Slaughter") presented an application and affidavit for search warrant to search Defendant's residence for evidence of child pornography. *See* Exhibit A. In his affidavit, Detective Slaughter stated that he had received information from Special Investigator Wayne Becker ("SI Becker") related to child pornography. *Id.* at ¶ 4. Detective Slaughter stated that SI Becker had begun an undercover operation in September 2011 "collecting keys and files being shared on a '*Freenet*,' a publicly available peer to peer network, in order to build a data base [sic] of keys associated with known or suspected child pornography images and videos." *Id.* "*Freenet* is a distributed, Internet based, peer-to-peer network which lets a user anonymously share files and chat on forums." *Id.* at ¶ 12. "Communications between computers running *Freenet*, or nodes, are

1

encrypted and routed through other *Freenet* nodes making it difficult to determine who is requesting the information and what the content is of the information being requested." *Id.*

Detective Slaughter's affidavit additionally stated that SI Becker "began running copies of *Freenet* that had been modified for law enforcement to log the IP address, key, and date and time of requests that were sent to these law enforcement *Freenet* nodes," and "[t]hese keys are then compared to keys of known child pornography." *Id.* at ¶ 5. Detective Slaughter then stated that SI Becker "observed IP address 172.12.235.62 routing and/or requesting suspected child pornography file blocks." *Id.* at ¶ 6. And "[t]he number and timing of the requests was *significant enough* to indicate that the IP address was the apparent original requester of the file." *Id.* (emphasis added). Detective Slaughter's affidavit then went on to explain that the IP address 172.12.235.62 was linked to the address of Defendant's residence. *Id.* at ¶¶ 9-10.

The warrant to search Defendant's residence for evidence of child pornography was issued and executed on August 18, 2015. *See* Exhibit A.

Defendant filed a Motion to Suppress Evidence contemporaneously with this Motion which makes additional arguments objecting to Detective Slaughter's affidavit based on *Franks* and its progeny.

## II. ARGUMENT

The *Franks* rule for challenging the veracity of a sworn statement used by police to procure a search warrant provides the following:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was

2

lacking on the face of the affidavit.

*See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* at 171. "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* "They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *Id.* And "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.*

A request for a *Franks* hearing can also be based on a theory of omissions of fact, where Defendant "must prove first that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading, and, second, that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *See United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002).

Here, Detective Slaughter's affidavit was inherently misleading and contained false statements and relevant omissions that, together, permitted the magistrate to find probable cause for the issuance of the August 18, 2015 search warrant. Defendant has submitted an offer of proof in the form of the attached Affidavit of Steve Dougherty, an expert in the *Freenet* software, which is sufficient to mandate an evidentiary hearing under *Franks*. *See* Ex. B, Aff. of Steve Dougherty; *Franks*, 438 U.S. at 171.

Detective Slaughter's statement that "[t]he number and timing of the requests was significant enough to indicate that the IP address was the apparent original requester of the file," when referencing the IP address of the laptop ultimately seized from Defendant, was an intentionally or recklessly false representation of the findings apparent from SI Becker's undercover operation. Ex. A. The significance of the number and timing of requests could not

have been apparent unless SI Becker independently verified assumptions upon which the validity of his conclusions depended. Ex. B. The affidavit makes no mention of any effort by SI Becker to independently verify those assumptions. *See* Ex. A. In fact, the number and timing of requests was not significant enough, without due verification of SI Becker's base assumptions, to indicate that the IP address associated with Defendant's laptop was the apparent original requester of the file. Ex. B. The finding of probable cause to issue the August 18, 2015 search warrant was entirely dependent on these false statements, since it was the only evidence identifying the *Freenet* requests as originating from the IP address law enforcement associated with Defendant. *See Franks*, 438 U.S. at 155-56 (mandating an evidentiary hearing upon a showing of proof that intentionally or recklessly false statements were made in the affidavit, and that those statements were necessary to a finding of probable cause).

Detective Slaughter intentionally or recklessly omitted from his affidavit relevant discussion regarding the behavior of *Freenet's* routing necessary to estimate the probability that received requests originated from the peer they were received from (instead of forwarded from elsewhere) based in part on how many requests were received. Ex. A; Ex. B. Without an understanding of the routing behavior and how it was working on the given day that the data were collected, any interpretation of the data is compromised and meaningless. Ex. B. In his affidavit, Detective Slaughter also intentionally or recklessly omitted any discussion about the potential for false positives that might have resulted from SI Becker's undercover operation. Ex. A. Such an omission was inherently misleading because false positives are a significant concern that is not properly accounted for in investigating *Freenet* activity via the attack utilized by law enforcement in this case. Ex. B. at ¶¶ 17, 18. Inclusion of these omitted facts illustrating the inherent weaknesses of the law enforcement attack would have

4

materially undermined any potential for a finding of probable cause based on the alleged link between the requests and the IP address law enforcement linked to Defendant.

The search warrant affidavit here centered on the conclusion that the number and timing of the requests from the IP address law enforcement linked to Defendant was "significant enough" to suggest the IP address was associated with the original requestor. In conjunction with the arguments made by Defendant in his Motion to Suppress Evidence, submitted contemporaneously with this Motion, Defendant's showing of proof regarding Detective Slaughter's false and omitted statements, which were necessary to the finding of probable cause for the August 18, 2015 search warrant, is sufficient to entitle him to an evidentiary hearing under *Franks*. *See Franks*, 438 U.S. 155-56; Ex. B.  *See Allen*, 297 F.3d at 795 (requiring evidentiary hearing upon a showing that the omissions intentionally or recklessly made the affidavit misleading and that if the omitted information were included, the affidavit could not support a finding of probable cause).

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests this Court grant Defendant a *Franks* evidentiary hearing on the veracity and sufficiency of the affidavit supporting the August 18, 2015 search warrant issued in this matter.

        Respectfully submitted,

        ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

        By: /S/ Adam D. Fein
            ADAM D. FEIN, #52255 MO
            Attorney for Defendant
            120 S. Central Avenue, Suite 130
            Clayton, Missouri 63105
            (314) 862-4332
            Facsimile (314)862-8050
            Email: afein@rsrglaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 24, 2016, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Colleen C. Lang, assistant United States attorney.