UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CR0258 CEJ (NAB) |
| ALDEN DICKERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## PARTIES' STIPULATION AND JOINT RECOMMENDATION AS TO RESTITUTION

COME NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen C. Lang, Assistant United States Attorney for said District, and defendant, ALDEN DICKERMAN by and through his counsel, Adam Fein, and hereby respectfully submit and propose that the defendant pay restitution in the amount of $2,250 to victim "Vicky," $2,250 to victim "Pia of Sweet Sugar" and and $1,000 to victim "Sarah aka Marineland Series" and in support stipulate and agree as follows:

**I.    Restitution to child pornography victims**

Under 18 U.S.C. § 2259(a), restitution to child pornography victims is mandatory. On April 23, 2014, the Supreme Court decided United States v. Paroline, 134 S. Ct. 1710 (2014), holding, as relevant here, that:

> …where it can be shown that a defendant possessed a victim's images and that the victim has outstanding losses caused by continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount comporting with the defendant's relative role in the causal process underlying the victim's general losses.

Paroline, 134 S. Ct. at 1727.

Under Paroline, there is no need to prove loss or causation in regards to any particular offender – it is the harm inflicted by the aggregated conduct of offenders that is primarily relevant. Paroline, 134 S. Ct. at 1726-1727. To the extent a defendant engages in certain aggravating conduct, that can be considered, but there is no requirement to prove particularized conduct leading to particularized harm. See id.

## II.   Restitution to the victims of ALDEN DICKERMAN

Pursuant to 18 U.S.C. § 2259(a), and consistent with the Supreme Court's decision in Paroline, the parties agree and stipulate as follows:

1.      On April 16, 2018, the Defendant pled guilty to one count of possession of child pornography. The parties incorporate by reference the stipulated facts set forth in the Guilty Plea Agreement.

2.      Prior to sentencing, three series of victims submitted restitution requests to the Court pursuant to 18 U.S.C. § 2259. Images of each of these victims were part of the defendant's child pornography collection.

3.      The defendant used peer-to-peer file sharing programs to receive and possess child pornography through the internet. This same software permitted others to download child pornography from defendant's computer, potentially including child pornographic files containing the images of these three victims.

### A. Stipulations specific to "Sarah aka Marineland"

(1) For purposes of an order of restitution pursuant to 18 U.S.C. § 2259(a) directing the defendant to pay his victims for their losses, Sarah submitted a restitution request and supporting documentation calculating damages.

(2) Under the standard established by Paroline, the evidence submitted in support of Sarah's restitution claim is sufficient to show that defendant's offenses proximately

2

caused Sarah's losses.

(3) According to documentation from the National Center for Missing and Exploited Children, the defendant's child pornography files included at least 1 image files of "Sarah aka Marineland Series."

(4) The parties agree and recommend that the defendant be ordered to pay $1,000 in restitution to Sarah in this case.

(5) Such an amount comports with the defendant's role in the causal process and is suited to the size of that role.

(6) The amount is not a nominal amount and is reasonable and substantial enough to impress upon the defendant that child pornography offenses affect real victims.

**B. Stipulations specific to "Vicky"**

(1) For purposes of an order of restitution pursuant to 18 U.S.C. § 2259(a) directing the defendant to pay his victims for their losses, Vicky submitted a restitution request and supporting documentation calculating damages.

(2) Under the standard established by Paroline, the evidence submitted in support of Vicky's restitution claim is sufficient to show that defendant's offenses proximately caused Vicky's losses.

(3) According to documentation from the National Center for Missing and Exploited Children, the defendant's child pornography files included at least 1 video  files of "Vicky."

(4) The parties agree and recommend that the defendant be ordered to pay $2,250 in restitution to Vicky in this case.

(5) Such an amount comports with the defendant's role in the causal process and is suited to the size of that role.

(6) The amount is not a nominal amount and is reasonable and substantial enough to impress upon the defendant that child pornography offenses affect real victims.

**C. Stipulations specific to "Pia of the Sweet Sugar Series"**

(1) For purposes of an order of restitution pursuant to 18 U.S.C. § 2259(a) directing the defendant to pay his victims for their losses, Pia submitted a restitution request and supporting documentation calculating damages.

(2) Under the standard established by Paroline, the evidence submitted in support of Pia's restitution claim is sufficient to show that defendant's offenses proximately caused Pia's losses.

(3) According to documentation from the National Center for Missing and Exploited Children, the defendant's child pornography files included at least 1 video file of "Pia."

(4) The parties agree and recommend that the defendant be ordered to pay $2,250 in restitution to Pia in this case.

(5) Such an amount comports with the defendant's role in the causal process and is suited to the size of that role.

(6) The amount is not a nominal amount and is reasonable and substantial enough to impress upon the defendant that child pornography offenses affect real victims.

(5) Such an amount comports with the defendant's role in the causal process and is suited to the size of that role.

(6) The amount is not a nominal amount and is reasonable and substantial enough to impress upon the defendant that child pornography offenses affect real victims.

III.     **Conclusion**

For the reasons and stipulations set forth herein, the parties agree and recommend that the

Court order the defendant to pay restitution in the total amount of $5,500, divided accordingly:

$2,250 to victim "Vicky," $2,250 to victim "Pia of Sweet Sugar" and $1,000 to victim "Sarah

aka Marineland Series".

So stipulated and respectfully submitted:

JEFFREY B. JENSEN
United States Attorney

COLLEEN C. LANG, #56872MO
Assistant United States Attorney
United States Attorney's Office
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

ALDEN DICKERMAN
Defendant

ADAM FEIN
Attorney for Defendant